**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MATTHEW J. PLATKIN, Attorney General of New Jersey, and YOLANDA N. MELVILLE, Director of the New Jersey Division on Civil Rights, <br><br>                              Plaintiffs, <br>     v. <br><br> AMAZON.COM SERVICES LLC, <br><br>                          Defendant. | Case No. 25-cv-18018 <br><br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Jennifer Davenport, Acting Attorney General of New Jersey,[1] and Yolanda N. Melville's, Director of the New Jersey Division on Civil Rights ("Plaintiffs") Motion to Remand (the "Motion"), ECF No. 9, which the Court decides without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated herein, the Motion is **GRANTED**.

## I.  BACKGROUND

On October 22, 2025, Plaintiffs filed a complaint (the "Complaint") in New Jersey Superior Court against Defendant Amazon.com Services LLC ("Defendant" or "Amazon"). Def.'s Notice of Removal Ex. A, ECF No. 1-1 ("Def.'s NOR"). The Complaint, styled as "a government enforcement action," alleges that Amazon "has systemically violated the civil rights of its pregnant workers and workers with disabilities" in contravention of the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 *et seq.* (the "LAD"). *Id.* ¶ 1. Amazon timely removed the case to this Court on November 26, 2025, arguing that removal was proper because (1) Plaintiffs' suit is a class action under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA" or the "Act"), rather than an enforcement action; or (2) the real parties in interest are individual Amazon employees, rather than Plaintiffs. Def.'s NOR ¶ 8. Either of these grounds, Defendant asserts, provides an independent basis for this Court to exercise subject matter jurisdiction over Plaintiffs' claims. *Id.*

## II.  LEGAL STANDARD

While there is a general presumption in favor of remand, it is inapplicable in cases invoking CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Still, the

---

[1] This action was commenced by then-Attorney General Matthew J. Platkin on behalf of the State of New Jersey. Pl.'s Reply, ECF No. 17. Ms. Davenport's name has been substituted for Mr. Platkin's pursuant to Federal Rule of Civil Procedure 25(d).

1

burden is on the removing party to establish that subject matter jurisdiction exists. *Federico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "The proper test in a CAFA removal action depends on the nature of the jurisdictional facts alleged and whether they are in dispute." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014). Where, as here, the jurisdictional facts are contested, courts apply the *McNutt* test. *Id.* at 504. *McNutt* requires the party alleging jurisdiction to do so by a preponderance of the evidence standard. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). Courts will generally look to the allegations in the complaint and the notice of removal to resolve jurisdictional disputes. *Wilkins v. Navy Fed. Credit Union*, No. 22-cv-2916, 2023 WL 239976, at *7 (D.N.J. Jan. 18, 2023).

## III.   DISCUSSION

Amazon invokes CAFA and diversity jurisdiction as grounds for removal. Def.'s NOR ¶ 8. The Court addresses each argument in turn.

### 1.   CAFA

CAFA grants federal courts jurisdiction over actions where: (1) the matter is a "class action"; (2) the amount in controversy exceeds $5,000,000; (3) there is minimal diversity among the parties; and (4) the putative class contains at least 100 members. 28 U.S.C. § 1332(d)(2), (d)(5)(B). The Act defines a "class action" as any civil action filed under Federal Rule of Civil Procedure 23 or similar state statute. *Id.* § 1332(d)(1)(B).

While a complaint that expressly invokes Rule 23 or a state-law equivalent constitutes a class action, that does not end the inquiry. *See Erie Ins. Exchange v. Erie Indem. Co.*, 722 F.3d 154, 160 (3d Cir. 2013) ("[C]lass actions are not only cases labeled as such"). Rather, courts must "look behind the pleadings" and evaluate a complaint's factual allegations to determine if a case is, in fact, a class action. *See Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014); *see also Williams v. Emps. Mut. Cas. Co.*, 845 F.3d 891, 901 (8th Cir. 2017) (rejecting the approach that only cases explicitly referencing Rule 23 or its analogues are class actions under CAFA). Courts should not, however, entirely disregard the form of the pleadings, as "[p]laintiffs are the masters of their complaint and are free to choose the statutory provisions under which they will bring their claims." *Erie*, 722 F.3d at 159 (citation modified).

Here, the parties dispute the nature of the instant suit. Plaintiffs describe it as an "enforcement action—not a class action," meaning that Amazon cannot use CAFA as a predicate for removal. Pl.'s Mot. 1. Amazon contends that this case is a "barely disguised class action," and removal is proper because all of CAFA's jurisdictional prerequisites are met. Def.'s NOR ¶ 14.

The Court agrees with Plaintiffs that their suit is an enforcement action. First, enforcement actions brought by state attorneys general are not considered class actions under CAFA. *See Harvey v. Blockbuster, Inc.*, 384 F. Supp. 2d 749, 754 (D.N.J. 2005); *West Virginia ex rel. McGraw v. Bristol Myers Squibb Co.*, No. 13-cv-1603, 2014 WL 793569, at *2 (D.N.J. Feb. 26, 2014) (collecting cases). Commentators agree. 2 McLaughlin on Class Actions § 12:1 (22d ed.) ("Courts have uniformly concluded that state-led civil enforcement actions brought under *parens patriae*

2

authority do not qualify as 'class actions' under CAFA").[2]  Second, the Complaint lacks any reference to Rule 23 or New Jersey Court Rule 4:32, the Federal Rules' New Jersey equivalent. Def.'s NOR ¶ 2.  While this omission is not dispositive of the Court's conclusion, it matters nonetheless. *See Erie*, 722 F.3d at 161.

Amazon advances several arguments addressing why, despite these countervailing factors, Plaintiffs' suit is a class action.  Each fails.  The LAD, under which Plaintiffs bring this action, empowers New Jersey's Attorney General to bring suits on behalf of others. N.J. Stat. Ann. § 10:5-8.2(b).  It is otherwise not similar to Rule 23.  *See Erie*, 722 F.3d at 159-60 (finding that a rule without Rule 23's "defining characteristics" is not similar to the Rule).  Next, Amazon argues that Plaintiffs' seeking "compensatory damages for absent plaintiffs," a remedy available only through class actions, demonstrates that Plaintiffs' suit is, fundamentally, a class action. Def.'s NOR ¶ 3. The Court disagrees.  The LAD expressly authorizes compensatory damages awards. N.J. Stat. Ann. § 10:5-3 (stating that compensatory damages shall be available to prevailing parties under the LAD); *Id.* § 10:5-13(a)(2)(b) ("All remedies in common law tort actions shall be available to prevailing plaintiffs").

For their next argument, Amazon posits that because the LAD does not distinguish between private plaintiffs and attorneys general, Plaintiffs cannot bring this suit without invoking class action rules. Def.'s Opp'n 13-14.  This argument is belied by the LAD's plain text. *See, e.g.*, N.J. Stat. Ann. § 10:5-13(a)(2)(b) (authorizing *only* the Attorney General or the director to seek remedies on behalf of "named or unnamed victims").  Finally, Amazon argues that Plaintiffs' choice of counsel, Cohen Milstein Sellers & Toll PLLC, a firm specializing in class actions, is somehow relevant to the Court's inquiry. Def.'s NOR ¶ 20.  Amazon offers no case law in support of its theory, and the Court declines to entertain this argument.

## 2. Diversity of Citizenship

Amazon's second proffered grounds for removal is that diversity exists under 28 U.S.C. § 1332(a). Def.'s NOR ¶ 38.  It is well-established that a State is not a citizen for purposes of diversity jurisdiction.  *AU Optronics*, 571 U.S. at 174.  Accordingly, Amazon seeks to establish that New Jerseyans who work for Amazon are this case's true parties in interest. Def.'s NOR ¶ 40.

Courts must consider "the essential nature and effect of the proceeding" in deciding who, if not the State, is the real party in interest. *Ramada Inns, Inc. v. Rosemount Mem'l Park Ass'n*, 598 F.2d 1303, 1306 (3d Cir. 1979).  Seeking civil penalties paid to the state treasury or injunctive

---

[2] Amazon emphasizes the distinction between *parens patriae* actions and other actions brought by States.  Notably, Amazon argues that this case is not a *parens patriae* action since Plaintiffs omit those words. Opp'n 24-25.  But, Amazon argues in the same breath that this is a class action even though the Complaint avoids saying so. *Id.* ("[Plaintiffs'] Motion avoids the words '*parens patriae*' as pointedly as their Complaint avoids the words 'class action'").  The Court rejects Amazon's attempt to have it both ways, and notes that, in any event, the distinction between *parens patriae* and non-*parens patriae* actions does not matter for disposition of the Motion. *See Erie*, 722 F.3d at 161 (instructing that parties "cannot invoke subject matter jurisdiction by cherry-picking key words from a complaint any more than a plaintiff can artificially deprive a federal court of subject matter jurisdiction by artful pleading or labeling").

relief indicates the state is the real party in interest in that case. *Id.*; *Rothman v. N.J. Dep't of Lab. and Workforce Dev.*, 848 F. App'x 532, 533 (3d Cir. 2021); *West Virginia*, 2014 WL 793569, at *6. The opposite is true when a complaint does not seek damages to be paid to the state, or when the state's only interest is "a general desire that its laws be enforced," *Ramada*, 598 F.2d at 1307.

Here, the Court finds that New Jersey, not Amazon employees residing therein, is the real party in interest. The Complaint seeks, *inter alia*, an order requiring Amazon to cease and desist from the alleged misconduct, injunctive relief, punitive damages, civil penalties under the LAD, and other remedial measures. Def.'s Notice of Removal Ex. A. Because the Complaint seeks both civil penalties—to be paid to the New Jersey State treasury under N.J. Stat. Ann. § 10:5-14.1a— and injunctive relief, the Court readily concludes that the State is the real party in interest. *Rothman*, 848 F. App'x at 533. Plaintiffs' decision to also seek compensatory damages for allegedly affected New Jersey residents does not dictate the "essential nature" of these proceedings. *Ramada*, 598 F.2d at 1306.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that Amazon has not shown by a preponderance of the evidence that this Court has jurisdiction over the case at bar.[3] *See McNutt*, 298 U.S. at 189. The Motion is therefore **GRANTED**. The Court, in its discretion, **DENIES** Plaintiffs' request for attorneys' fees and costs. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139-41 (2005). An appropriate order follows.


Date: March 26, 2026

_____
WILLIAM J. MARTINI, U.S.D.J.

---

[3] In a last-ditch effort to keep this case in federal court, Amazon asks this Court to "retain jurisdiction over the claims for compensatory damages and remand only the remainder of the Complaint." Def.'s Opp'n 34. In doing so, Amazon urges this Court to adopt the "claim-by-claim" approach over the "whole-case" approach. While the Third Circuit has not yet endorsed either approach, "the whole-case approach has emerged as the majority rule." *West Virginia*, 2014 WL 793569, at *4 (citation modified). Therefore, the Court declines to retain jurisdiction over Plaintiffs' claims for compensatory damages. The case will be remanded in its entirety.

4